(No. 77-CC-2348—▮▮▮▮▮▮▮

ROBERT A. WILLIAMS CONSTRUCTION COMPANY, INC., Claimant,
v. THE STATE OF ILLINOIS, Respondent.

*Order filed July 28, 1980.*

LONDRIGAN & POTTER, P. C., for Claimant.

Roe, C. J.

This matter coming on to be heard upon the motion of Respondent to dismiss the claim herein, and, it appearing to the Court that Claimant has received due and timely notice of said motion, and, the court being fully advised in the premises;

The Court hereby finds:

1. That Public Act No. 79-1207 approved June 2, 1976, establishes that the 1974 State Fair Agency expended funds in excess of their appropriation.

2. That Article VIII, Section 2(b) of the Constitution of the State of Illinois 1970 states that:

"The General Assembly by law shall make appropriations for all expenditures of public funds by the State. Appropriations for a fiscal year shall not exceed funds estimated by the General Assembly to be available during that year."

3. That Illinois Revised Statutes 1977, ch. 127, par. 166 states:

"No officer, institution, department, board or commission shall contract any indebtedness on behalf of the State, nor assume to bind the State in an amount in excess of the money appropriated, unless expressly authorized by law."

4. That the Illinois General Assembly was aware of this deficit spending by the State Fair Agency and on June 2, 1976, approved Public Act 1207 to pay vendors who "for many months have remained unpaid for goods and services furnished in good faith without such vendors being aware that sufficient moneys were not available to pay their just debts at the time goods and services were furnished."

5. That Claimant, Robert A. Williams Construction Company, Inc., is not mentioned in Public Act 1207.

6. That this contract is void under Ill. Rev. Stat., ch. 127, par. 166; that only the General Assembly may make appropriations for expenditures by the State.

Wherefore, it is hereby ordered that this claim be and the same hereby is dismissed with prejudice.